UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISAAC MIKE ABERGEL,<br><br>                      Plaintiff,<br><br>-against-<br><br>SOCIAL SECURITY ADMINISTRATION.,<br><br>                      Defendant. | ORDER OF DISMISSAL<br><br>1:19-CV-6340 (LLS) |
| ISAAC MIKE ABERGEL,<br><br>                      Plaintiff,<br><br>-against-<br><br>CALIFORNIA FRANCHISE TAX BOARD,<br><br>                      Defendant. | 1:19-CV-6413 (LLS) |

LOUIS L. STANTON, United States District Judge:

      Plaintiff, appearing *pro se*, brings these actions invoking the Court's diversity jurisdiction. He alleges "data beach," "identity theft," "social security fraud," "tax fraud," and "aiding abetting criminal enterprise." By orders dated July 19, 2019, the Court granted Plaintiff's requests to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible − not merely possible − that the pleader is entitled to relief. *Id.*

## BACKGROUND

In *Abergel v. Social Security Administration*, ECF 1:19-CV-6340, 2, Plaintiff states that his "identity was stolen and someone used [his] social security [number] for over 5 years." (ECF

2

No. 2 p. 4.) As evidence of this, Plaintiff states that he has a "social security statement showing [his] income is reported for 2015 and 2016 [as] $40k a year [which is] impossible because [his] income is $0 for 2015 and 2016." (*Id.*) He sues the Social Security Administration for "fraud, identity theft, false income report, [and] aiding and abetting misuse of [his] social security [number] for 5 years. (*Id.*) Plaintiff also asserts "data breach."[1]

In *Abergel v. California Franchise Tax Board*, ECF 1:19-CV-6340, 2, Plaintiff alleges "fraud, aiding abetting fraud, S.S. fraud, tax fraud, aiding abetting S.S. fraud and tax fraud . . . .I.D. theft. . . aiding abetting criminal enterprise." He seeks to change his California Tax identification number and other personal identifying information, as well as $101 billion in damages.[2]

## DISCUSSION

**A.  Sovereign Immunity**

The doctrine of sovereign immunity bars federal courts from hearing all suits for monetary damages against the United States, including federal agencies like the Social Security Administration, unless sovereign immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Plaintiff brings this action under the Court's diversity jurisdiction and has not asserted claims against the

---

[1] The Federal Trade Commission's website provides that "people whose Social Security numbers have been stolen should contact the credit bureaus to ask that fraud alerts or credit freezes be placed on their credit reports and contact the IRS Identity Protection Specialized Unit at 1-800-908-4490."

[2] Plaintiff filed numerous actions against companies such as Facebook, Yahoo, Inc., and Sprint alleging "data beach," "identity theft," and "computer hacking." These were dismissed because Plaintiff failed to allege any details about what occurred, much less any facts that, if true, would show that he suffered a "particularized and concrete injury" that would satisfy the constitutional standing requirements. *See, e.g., Abergel v. Facebook, Inc.*, ECF 1:19-CV-6474 (LLS).

U.S. Social Security Administration under any federal statute that would abrogate that immunity. The Court therefore dismisses Plaintiff's claims against the Social Security Administration because he asserts claims against a Defendant that is immune from suit. 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.      Eleventh Amendment Immunity**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*.

The California Franchise Tax Board is an arm of the State and as such enjoys Eleventh Amendment immunity. Plaintiff brings this action under the Court's diversity jurisdiction and has not asserted claims against the California Franchise Tax Board under any federal statute that would abrogate that immunity. The Eleventh Amendment therefore bars Plaintiff's claims against the California Franchise Tax Board, and the Court dismisses these claims. 28 U.S.C. § 1915(e)(2)(B)(iii).

**C.      Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

The Clerk of Court is directed to assign these matters to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaints, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), are dismissed because Defendants are immune from suit on his claims. 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 24, 2019
New York, New York

*/s/ Louis L. Stanton*
Louis L. Stanton
U.S.D.J.